# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between **Mark Shatsky**, for himself and his heirs, successors and assigns ("Shatsky"), **'21' Club, Inc.**, for itself and its parents, subsidiaries, affiliates, divisions, predecessors, successors and assigns ("21 Club"), **Belmond USA Inc.**, for itself and its parents, subsidiaries, affiliates, divisions, predecessors, successors and assigns ("Belmond"), and **Heather Eason**, for herself and her heirs, successors and assigns ("Eason") (collectively, the "Defendants"), (collectively, the "Parties"), with reference to the following facts:

## RECITALS

**WHEREAS**, on April 6, 2017, Shatsky filed a civil action entitled *Mark Shatsky v. '21' Club, Inc., Belmond USA Inc., and Heather Eason* in the United States District Court for the Southern District of New York, Civil Action Number 17-cv-02497 (the "Civil Action"), alleging violations of the Fair Labor Standards Act and the New York State Labor Law with respect to the payment of overtime and the New York State Labor Law with respect to the payment of "spread of hours" pay and wage notice and wage statement requirements, as well as alleging he was subjected to a hostile work environment, age and disability discrimination, and retaliation in violation of the New York City Human Rights Law;

**WHEREAS**, Defendants deny any and all wrongdoing and liability as to the claims asserted by Shatsky in the Civil Action; and

**WHEREAS**, the Parties, in order to avoid further expenditure of time and expense of litigation, desire to settle and terminate fully and finally any and all differences and disputes between them including, but not limited to, any and all claims which were raised or could have been raised with respect to Shatsky's employment with and termination from 21 Club or in the above-referenced Civil Action which, subject to approval of the settlement of certain claims under the Fair Labor Standards Act and the New York State Labor Law by the Court, shall be dismissed, with prejudice;

**NOW, THEREFORE,** the Parties hereby execute this Agreement to reflect and memorialize the terms and conditions agreed upon as described herein.

## TERMS AND CONDITIONS

**IT IS HEREBY AGREED**, by and among the Parties, as follows:

**1. Incorporation and Acknowledgment of Recitals.** The Recitals and identification of the parties to this Agreement are incorporated by reference as though fully set forth herein.

**2. Benefits to Shatsky.** The Parties have agreed to settle all claims raised and asserted by Shatsky and all potential claims relating to Shatsky's employment with and termination from 21 Club for a total gross amount of $███████████████████████). Accordingly, 21 Club shall issue the following within twenty-one (21) calendar days of the Effective Date of this Agreement;

(a) a check in the amount of $20,000.00 (Twenty Thousand Dollars), for wages, less applicable deductions and withholdings, made payable to Mark Shatsky. 21 Club will issue the applicable Form W-2 for this payment;



(b) ████████████████████████████████████████████████

(c) ████████████████████████████████████████████████

3. **Indemnification**. Shatsky acknowledges that the taxability of these payments shall be governed by applicable federal, state, and local tax laws and regulations, and that Shatsky shall be solely responsible for any taxes, interest and penalties that he might owe with respect to the payments made to him under Paragraph 2. Shatsky agrees to hold the Releasees (as defined herein) harmless, and to fully indemnify the Releasees, from any and all liability, obligations, claims or actions, as well as any and all taxes, interest or penalties, if any, owed by Shatsky arising out of any claim which may be made by the Internal Revenue Service or any other governmental agency administering applicable state, local and federal tax laws with respect to the tax treatment of the payments made to Shatsky under Paragraph 2.

4. **Entire Consideration**. Shatsky agrees that the payments referenced above shall constitute the entire amount of monetary consideration provided to him under this Agreement and he will not seek from the Releasees any further compensation or other consideration for any other claimed obligation, entitlement, damage, cost, or attorneys' fees in connection with the matters encompassed by this Agreement.

5. **Employee's Release**. In consideration of the promises and commitments undertaken herein by Defendants, Shatsky hereby releases, discharges, and covenants not to sue 21 Club, Belmond, and/or Eason, including any parents, subsidiaries, affiliates, and related companies, and all of their respective past and present employees, directors, officers, shareholders, attorneys, representatives, insurers, agents, heirs, successors, and assignees (individually and collectively the "Releasees") from and with respect to any and all actions, causes of action, suits, liabilities, claims, and demands whatsoever (upon any legal or equitable theory, whether contractual, in tort, common law, statutory, federal, state, local or otherwise), and each of them, whether known or unknown, from the beginning of time to the date of this Agreement, up to and including the date Shatsky signs this Agreement. The Parties intend Shatsky's releases to be general and comprehensive in nature and to release all claims and potential claims against the Releasees to the maximum extent permitted at law. Claims being released include specifically by way of description, but not by way of limitation, any and all claims:

(a) arising out of or in any way related to Shatsky's employment with 21 Club or the termination of his employment with 21 Club, including but not limited to all claims under the Fair Labor Standards Act and New York Labor Laws;

(b) arising out of or in any way related to any federal, state, or local law prohibiting harassment, retaliation or discrimination on the basis of age, gender, race, color, religion, disability, pregnancy, sexual orientation, national origin, or citizenship, including without limitation claims under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act of 1990, the Equal Pay Act of 1963, the Family and Medical Leave Act (FMLA), the New York State Human Rights Law, the New York City Human Rights Law, New York City Earned Sick Time Act, and any similar laws of any state or governmental entity;

(c) for breach of contract (express or implied), breach of promise, wrongful discharge, unfair or unjust dismissal, retaliation, whistleblowing, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, defamation, wrongful denial of benefits, intentional and negligent infliction of emotional distress, negligence, and any intentional torts; and

(d) for attorneys' fees and litigation costs.

This release of claims does not prevent Shatsky from seeking a judicial determination as to the validity of this Agreement, bringing an action to enforce this Agreement, or from cooperating with or filing a charge or complaint with any governmental agency. Shatsky agrees that if any court or agency assumes jurisdiction over any complaint, charge, lawsuit, or other legal action that is the subject of the release of claims in this Paragraph 5, he waives all relief available to him, including without limitation, monetary damages, except for any relief that by law cannot be waived or released.

**6. Dismissal**. Upon the Court's order approving the settlement of certain claims under the Fair Labor Standards Act and the New York State Labor Law, Shatsky agrees to file a stipulation of dismissal, with prejudice, of all claims in the Civil Action.

**7. No Prevailing Party.** As further consideration for the promises and commitments by Defendants herein and prior to any payment to Shatsky, Shatsky agrees that each Party will bear its own attorneys' fees and costs (except as otherwise set out herein with part of the agreed payment being the payment of attorneys' fees), and with neither side being or for any purpose being considered a "prevailing party" as to Shatsky's claims and Defendants' defenses in the Civil Action.

**8. No Filing or Assignment of Other Claims.** Shatsky represents and warrants that he does not have any pending complaints, charges, lawsuits, or other legal actions with any court or government agency relating to any claims being released under Paragraph 5 (the "Released Claims"). Shatsky also further represents and warrants that he has not assigned or transferred, and will not subsequently assign or transfer, to any person not a party to this Agreement, the Released Claims or any part or portion thereof.

**9. No Admission of Liability.** Neither this Agreement, nor anything contained in it, shall constitute or shall be used as an admission or as evidence of any liability or wrongdoing. No party shall be deemed a prevailing party. This settlement is of no precedential effect. Neither this Agreement, nor anything contained in it, shall be introduced in any proceeding except to enforce this Agreement or to defend against any claim relating to the subject matter of the release

contained herein or as required by court order, subpoena or other legal process, and such introduction under these exceptions shall be pursuant to an appropriate order protecting its confidentiality.

**10.** 

**11.**

**12. Governing Law and Venue.** The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. To the extent that the Parties have a dispute that arises out of or relates to this Agreement, they agree that they will submit to the jurisdiction of United States Magistrate Judge Sarah Netburn.

**13. Integrated Agreement.** This Agreement constitutes and contains the entire agreement and understanding between Shatsky and Defendants concerning the subject matters specifically addressed herein, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matters specifically addressed herein, except as to those agreements referenced herein.

**14. Severability.**  If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and to this end, the provisions of this Agreement are declared to be severable. Notwithstanding the foregoing, upon any finding by a court of competent jurisdiction that the release and obligations provided for in the paragraphs of this Agreement are illegal, void or unenforceable, the Parties agree to execute a release, waiver and/or covenant that is legal and enforceable to effectuate the terms of this Agreement.

**15. Execution and Copies.**  This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic and facsimiled copies of such signed counterparts may be used in lieu of the originals for any purpose.

**16. Modification.**  This Agreement cannot be modified except in writing signed by all Parties.

**17. Employee's Knowing and Voluntary Agreement.**  Shatsky expressly recognizes and agrees that, by entering into this Agreement, he is waiving any and all rights or claims that he may have arising under the Fair Labor Standards Act, the New York Labor Laws, the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act of 1990, the New York City Human Rights Law, and any claim against the Releasees, including claims of discrimination or retaliation under any federal, state or local law, which have arisen on or before the date of his execution of this Agreement.  By Shatsky's signature below, he understands and agrees that:

(a) he is being given twenty-one (21) full calendar days within which to consider this Agreement before executing it;

(b) he has seven (7) full calendar days within which to revoke this Agreement after it is executed by him; said revocation shall be in writing and shall be sent by certified mail, return receipt requested, to Charles W. Fournier, Curley, Hurtgen & Johnsrud LLP, 5 Penn Plaza, 23rd Floor, New York, NY 10001;

(c) he has carefully read and fully understands all of the provisions of this Agreement and has been advised to and has consulted with his legal counsel;

(d) he is, through this Agreement, releasing the Releasees from any and all claims he may have against them consistent with the terms of this Agreement;

(e) he knowingly and voluntarily agrees to all of the terms set forth in this Agreement; and

(f) he knowingly and voluntarily intends to be legally bound by the terms set forth in this Agreement.

**18. Effective Date.**  This Agreement shall not become effective until the eighth (8th) day following the complete execution of the Agreement by Shatsky, so long as he has not revoked this Agreement (the "Effective Date").

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the dates set forth below:

_____
Mark Shatsky
Date: 1/12/18

'21' Club, Inc.
By: Alexander N. MacLeod
Its: Acting Secretary
Date: 1/18/18

**LaRocca Hornik Rosen Greenberg & Blaha, LLP**

_____
Patrick McPartland
Date: 1/17/18

**Belmond USA Inc.**
By: Alexander N. MacLeod
Its: Vice President
Date: 1/18/18

_____
Heather Eason
Date: _____

**Curley, Hurtgen & Johnsrud LLP**

_____
Charles W. Fournier
Date: _____

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the dates set forth below:

'21' Club, Inc.

_____  By: _____
Mark Shatsky                    Its: _____
Date: _____     Date: _____

**LaRocca Hornik Rosen Greenberg & Blaha, LLP**         **Belmond USA Inc.**

                                By: _____
_____  Its: _____
Patrick McPartland              Date: _____
Date: _____

*[signature]*
Heather Eason
Date: 1/18/18

**Curley, Hurtgen & Johnsrud LLP**

*[signature: Charles W. Fournier]*
Charles W. Fournier
Date: 1/18/18